**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| EDWARD M., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:25-10552-MGL |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

## I. INTRODUCTION

This is a Social Security appeal in which Plaintiff Edward M. seeks to obtain judicial review of the final decision of Defendant Commissioner of Social Security denying his claims for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Commissioner's decision be affirmed. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

Edward M. filed applications for DIB and SSI on October 21, 2021, alleging he became unable to work on August 23, 2021. The Social Security Administration (SSA) denied the applications initially and upon reconsideration.

On May 28, 2024, Edward M. appeared and testified at a hearing before an Administrative Law Judge (ALJ). He was represented by Raymond Husum at the hearing. A vocational expert (VE) also testified.

The ALJ issued an unfavorable decision on July 18, 2024, finding Edward M. had failed to establish he was disabled under the Social Security Act from the alleged onset date, August 23, 2021, through the date of the ALJ's decision.

On June 12, 2025, the Appeals Council denied Edward M.'s request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

Thereafter, Edward M. filed this action with this Court on August 13, 2025, for judicial review of the decision.

The Magistrate Judge filed the Report on August 20, 2026, and Edward M. filed his objections to the Report on September 8, 2025. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

## III. STANDARD OF REVIEW

### *A. For reviewing the Report*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### *B. For reviewing the Commissioner's final decision*

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in Appendix I of 20 C.F.R. part 404, subpart P; (4) whether the claimant has the residual functional capacity (RFC) to perform the requirements of his past relevant work; and, if so, (5) whether the claimant is able to perform any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

It is the plaintiff's duty both to produce evidence and to prove he is disabled under the Social Security Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nonetheless, the ALJ is to develop the record, and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, as opposed to this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), (overruled by implication on other grounds by *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). In other words, the Court "must sustain the ALJ's decision, even if [the Court] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Under the substantial evidence standard, the Court reviews the entire record as a whole. *Hanes v. Celebrezze*, 337 F.2d 209, 214 (4th Cir. 1964). Although the ALJ must sufficiently explain the reasons for his ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence. . . . [Instead,] [s/he] must build an accurate and logical bridge from the evidence to [her/his] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (first citing *Green v. Apfel*, 207 F.3d 780, 780 (7th Cir. 2000); and then citing *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).

The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares . . . it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

## IV. DISCUSSION AND ANALYSIS

Edward M. filed four objections to the Report. He first argues the ALJ failed to adequately consider his non-severe impairments in determining his residual functional capacity (RFC).

The Magistrate Judge correctly recognized an ALJ must consider all of a claimant's impairments, both severe and non-severe, when assessing the RFC. *Thomas v. Berryhill*, 916 F.3d

307, 311 (4th Cir. 2019). The ALJ expressly considered Edward M.'s cardiac conditions and noted the medical evidence reflected, among other things, he denied chest pain, palpitations, and shortness of breath. A.R. at 24. Edward M. has failed to identify any specific functional limitation attributable to these conditions the ALJ allegedly failed to consider.

Therefore, because the record supports the conclusion the ALJ properly considered all the relevant impairments in formulating the RFC, the Court will overrule Edward M.'s first objection.

Second, Edward M. objects to the ALJ's determination his mild, non-obstructive coronary artery disease and chronic systolic heart failure/non-ischemic cardiomyopathy were non-severe impairments.

An impairment is severe only when it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520©, 416.920©. Edward M. bears the burden of demonstrating an impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Although Edward M. points to diagnostic testing and ejection-fraction measurements, he has failed to identify any evidence establishing a corresponding functional limitation caused by these cardiac conditions. As the Fourth Circuit has explained, a medical condition, standing alone, is insufficient to establish disability; there must be evidence of related functional loss. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

Moreover, even assuming the ALJ should have classified one of these conditions as severe, any such error would be harmless because the ALJ found several other severe impairments and proceeded through the sequential evaluation process. A.R. at 20.

The relevant question is whether the impairments, considered in combination, resulted in disabling functional limitations. Edward M. is unable to show the ALJ failed to perform that inquiry. Edward M.'s second objection will therefore be overruled, too.

Edward M.'s third objection challenges the ALJ's evaluation of the opinion of Dr. Engh, the surgeon who performed Edward M.'s brain surgery.

Dr. Engh's April 2022 form imposed restrictions because Edward M. was "recovering from brain surgery." A.R. at 1493. Critically, Dr. Engh marked each restriction as not permanent and indicated he expected Edward M. to recover sufficiently to return to his occupation or other employment within one to three months. A.R. 1493–94.

Thus, Dr. Engh's opinion concerned temporary restrictions associated with postoperative recovery, not limitations expected to prevent substantial gainful activity for the twelve-month period required by the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(A) ("The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]")

The ALJ considered Dr. Engh's opinion, and Edward M. has failed to identify any authority requiring an ALJ to incorporate temporary postoperative restrictions into a claimant's ultimate RFC when the medical source expected those restrictions to resolve within a few months. The Court, therefore, is unable to say the ALJ erred in declining to treat those temporary restrictions as permanent functional limitations. As such, the Court will overrule Edward M.'s third objection as well.

Fourth and finally, Edward M. objects to the ALJ's evaluation of his subjective complaints. The ALJ applied the proper two-step framework. First, the ALJ determined Edward M.'s medically determinable impairments could reasonably be expected to cause his alleged symptoms. A.R. at 22. The ALJ then concluded David M.'s "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id*. at 23.

The ALJ discussed Edward M.'s allegations, including left side weakness, fatigue, high blood pressure, seizures, limits in reaching, getting up from kneeling, and stair climbing. A.R. at 22. The ALJ then considered the medical evidence and Edward M.'s reported activities of daily living, identifying evidence that was inconsistent, at least in part, with the degree of limitation alleged. A.R. at 23–25. The ALJ also incorporated a limitation concerning reaching into the RFC.

"'In reviewing for substantial evidence, [the Court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"Yet even under this deferential standard, we do not 'reflexively rubber-stamp an ALJ's findings.'" *Id*. (quoting *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017)). "To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Id*. (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Having made a de novo review of the record, the Court is of the firm opinion the ALJ provided a sufficient explanation connecting the evidence to the conclusions reached.

Edward M.'s disagreement with the ALJ's weighing of the evidence fails to establish the ALJ applied an incorrect legal standard or the RFC determination lacked substantial evidentiary support.

Consequently, the Court will also overrule Edward M.'s fourth and final objection.

In sum, the Court holds David M.'s objections fail to demonstrate any error in the Report or in the Commissioner's final decision. The ALJ applied the proper legal standards, adequately explained the decision, and reached findings supported by substantial evidence.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Edward M.'s four objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court the Commissioner's decision to deny DIB and SSI benefits to Edward M. is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of September, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE